**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| STOLI GROUP (USA), LLC | Case No. 24-80146-swe11 |
| MCILHENNY COMPANY, | Adversary Proc. No. 26-8001-swe |
| *Plaintiff*, | |
| v. | |
| LOUISIANA SPIRITS, LLC AND STOLI GROUP (USA), LLC, | |
| *Defendants.* | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S**
**MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Bankruptcy 7065, Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116(a), Plaintiff McIlhenny Company ("Plaintiff"), filed a motion requesting that the Court enter a preliminarily injunction preventing Defendants Louisiana Spirits,

LLC and Stoli Group (USA), LLC (collectively, "Defendants") from offering for sale, selling, advertising, promotion, or displaying any product that infringes upon or dilutes Plaintiff's rights in the TABASCO® trade dress, which is protected by U.S. Trademark Registrations Nos. 805670, 805671, 1916568, and 3015104 (hereinafter, the "TABASCO® Trade Dress").

Having considered the submissions of the parties, the arguments of counsel, and all other matters presented to the Court, and good cause having been shown, the Court hereby ORDERS that Plaintiff's Motion for a Preliminary Injunction is GRANTED.

The Court FINDS:

A.    Plaintiff is substantially likely to succeed in proving that: (i) Defendants have infringed, and will continue to infringe, upon the TABASCO® Trade Dress, which is a valid and protectable trade dress owned by Plaintiff, because Defendants are promoting and intending to sell products bearing packaging trade dress that is identical and/or highly similar to the TABASCO® Trade Dress (the "Infringing Trade Dress"), which will cause a likelihood of confusion with the TABASCO® Trade Dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), and that such conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Louisiana Unfair Trade Practices Act, La. Rev. Stat. Ann. § 51:1401 *et seq.*; and (2) the TABASCO® Trade Dress is distinctive and famous, and Defendants' promotion and intent to sell products bearing the Infringing Trade Dress will dilute the distinctiveness and uniqueness of the TABASCO® Trade Dress in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and the Louisiana Anti-Dilution Statute, La. Rev. Stat. Ann. § 51:223.1;

B. Defendants' offering for sale, sale, advertising, promotion, or displaying of products bearing the Infringing Trade Dress will result in immediate and irreparable harm to Plaintiff if the injunctive relief requested is not granted;

C. The harm to Plaintiff from denial of the requested injunctive relief outweighs any harm to Defendants' interests against granting such relief; and

D. It is in the public interest to grant the injunctive relief requested by Plaintiff.

IT IS FURTHER ORDERED that Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with them, having notice of this Order, are enjoined during the pendency of the above-captioned action from:

1. infringing or diluting the TABASCO® Trade Dress;

2. falsely designating the origin, sponsorship, or affiliation of their business, goods, or services;

3. using the TABASCO® Trade Dress, the Infringing Trade Dress, or any derivation or colorable imitation thereof, or trade dress that is identical and/or confusingly similar thereto, or dilutive thereof (collectively, the "Prohibited Trade Dress") in connection with the promotion, marketing, and offering of any goods or services;

4. making or employing any other commercial use of the Prohibited Trade Dress;

5. making or displaying any statement, picture, or representation that is likely to lead the public or the trade to believe that Defendants' goods or services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, or authorized by, or otherwise connected with, Plaintiff;

6. using any other false designation of origin or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' activities are in any way sponsored, licensed, endorsed, or authorized by, or affiliated or connected with, Plaintiff, or originate from Plaintiff;

7. doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or investors into the belief that the goods or services promoted or offered by Defendants emanate from or originate with Plaintiff, or are somehow sponsored, licensed, endorsed, or authorized by, or affiliated or connected with, Plaintiff;

8. engaging in any other activity constituting unfair competition with Plaintiff; and

9. aiding, assisting, or abetting any other party in doing any act prohibited by paragraphs (1) through (8) above.

IT IS FURTHER ORDERED that the foregoing injunction shall remain in effect until a decision on the merits of the above-captioned action.

SO ORDERED.

# # # END OF ORDER # # #

Prepared By:

| | |
|---|---|
| Amy K. Anderson<br>Texas Bar. No. 24077064<br>JONES WALKER LLP<br>5960 Berkshire Ln, Floor 6<br>Dallas, Texas 75225<br>Tel:   (214) 459-9682<br>Fax:   (713) 437-1810<br>Email: aanderson@joneswalker.com<br><br>Mark Mintz<br>Texas Bar No. 24124555<br>811 Main Street, Suite 2900<br>Houston, Texas 77002<br>Tel:   (713) 437-1800<br>Fax:   (713) 437-1810<br>Email: mmintz@joneswalker.com | James D. Weinberger (PHV *forthcoming*)<br>Parker C. Eudy (PHV *forthcoming*)<br>FROSS ZELNICK LEHRMAN & ZISSU, P.C.<br>151 West 42nd Street, 17th Floor<br>New York, NY 10036<br>Tel:   (212) 813-5900<br>Fax:   (212)813-5901<br>Email: jweinberger@fzlz.com<br>         peudy@fzlz.com |

***Attorneys for McIlhenny Company***